# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GERRY L. RANSON,**
**D.O.C. # B-114511,**

    **Plaintiff,**

vs.                                                     Case No. 4:22cv043-AW-MAF

**WAKULLA R.C.C. ANNEX,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a handwritten "notice of intent to sue for civil action," ECF No. 1, on January 26, 2022. However, Plaintiff did not pay the filing fee as required to proceed with this case, and Plaintiff is well aware of that requirement because he attempted to file two other cases in this Court in September 2021.[1] Plaintiff was advised that if he desired to proceed with this case, he must submit $402.00 on or before **March 2, 2022**. ECF No. 3. Again, as

---

[1] Plaintiff filed case number 4:21cv369-WS-MAF and case number 4:21cv392-MW-MAF. Both cases were ultimately dismissed for failure to prosecute.

Plaintiff is aware, he is not entitled to in forma pauperis status pursuant to 28 U.S.C. § 1915(g) as the case initiating document Plaintiff submitted in this case, ECF No. 1, does not assert imminent danger.

Ordinarily, a case is automatically dismissed in this Court if a prisoner plaintiff has "three strikes" under § 1915(g) and did not pay the filing fee at the time of case initiation. However, the COVID-19 pandemic has hampered the payment process from the Department of Corrections. Thus, Plaintiff was given an opportunity to pay the filing fee for this case and required to ensure that payment was submitted to the Clerk of this Court no later than **March 2, 2022**. As of this date, Plaintiff has not complied. Because Plaintiff was warned of the consequences of failing to comply, this case should be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed.

2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). Here Plaintiff was forewarned and did not respond to a Court Order. Dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on March 11, 2022.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.